**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KENNETH FORD,

               Plaintiff,

                                        Case No. 3:14-cv-1323-J-JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.
_____/

## OPINION AND ORDER [1]

### I. Status

Kenneth Ford ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of a "back injury." Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed February 3, 2015, at 170 (emphasis omitted). On July 26, 2011, Plaintiff protectively filed an application for DIB, alleging an onset disability date of December 22, 2010. Tr. at 145-48. Plaintiff's "protective filing date" is listed in the administrative transcript as July 19, 2011. Tr. at 14, 183. Plaintiff's application was denied initially, see Tr. at 68-76, 88-92, and upon reconsideration, see Tr. at 77-86, 96-100.

On November 20, 2012, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was present with a non-attorney representative; and a vocational expert ("VE"). Tr. at 29-67. On March 5, 2013, the ALJ

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed February 3, 2015; Reference Order (Doc. No. 15), entered February 6, 2015.

issued a Decision finding Plaintiff not disabled and denying Plaintiff's claims. Tr. at 14-24. Plaintiff then requested review by the Appeals Council, Tr. at 7, and submitted evidence to the Council in the form of a brief authored by his representative and additional medical records from Mark Elliott, M.D., of UF Bone & Joint Center, see Tr. at 8-10 (brief); 512-13 (medical evidence). On August 28, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 1-5, thereby making the ALJ's Decision the final decision of the Commissioner. On December 28, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision. For purposes of this appeal, Plaintiff's date last insured was December 31, 2015. Tr. at 159.

Plaintiff raises two issues on appeal: whether the ALJ "erred by not considering the left shoulder impairment as 'severe'"; and whether the ALJ "erred by not including the reaching limitations in the hypothetical that was presented to the VE." Plaintiff's Memorandum in Support of Complaint (Doc. No. 17; "Pl.'s Mem."), filed February 9, 2015, at 5, 8. On April 10, 2015, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.").

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds the ALJ's Decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 16-24. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since December 22, 2010, the alleged onset date." Tr. at 16 (emphasis and citations omitted).  At step two, the ALJ found Plaintiff "has the following severe impairment: disorders of the spine."  Tr. at 16 (emphasis and citations omitted).   At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 16 (emphasis and citations omitted).   The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) except with no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, and scaffolds; and no concentrated exposure to hazards (machinery, heights, etc.).

Tr. at 17 (emphasis omitted).  At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as "a heavy truck driver." Tr. at 23 (some emphasis and citation omitted). At step five, after considering Plaintiff's age (53 years old at the time of the administrative hearing, see Tr. at 33), education (high school education with some college, see Tr. at 33), work experience, and RFC, the ALJ found, with the assistance of the testimony of a VE,

"there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 23 (emphasis and citations omitted), including "parking lot cashier," "ticket seller," and "mail clerk." Tr. at 24. The ALJ concluded that Plaintiff "has not been under a disability . . . from December 22, 2010, through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff first argues the ALJ erred in failing to consider his left shoulder impairment as "severe." He next contends the ALJ erred by not including left shoulder reaching limitations in the hypothetical that was presented to the VE. The issues are discussed in turn below.

### A. Left shoulder impairment (issue one)

Plaintiff contends that the ALJ should have considered his left shoulder impairment to be a "severe" impairment at step two of the five-step sequential evaluation process based upon the records of Robert B. Dehgan, M.D., whose opinion the ALJ afforded great weight, and based upon a November 1, 2012 note from Dr. Elliott. See Pl.'s Mem. at 6-8. Defendant responds that the ALJ appropriately discounted Dr. Dehgan's limitation of the left shoulder in light of the normal left shoulder x-ray in September 2012. See Def.'s Mem. at 4; compare Tr. at 507 (Dr. Dehgan's records) with Tr. at 468 (x-ray report). Additionally, Defendant argues the ALJ found in favor of Plaintiff at step two because she found Plaintiff had at least one severe impairment which is all that step two requires. Def.'s Mem. at 5. As for the records of Dr. Elliott, Defendant posits that these records were submitted by Plaintiff to the Appeals Counsel ("AC"), and were never before the ALJ for her consideration. Id. at 4. And, in any event, Defendant argues that Dr. Elliott's diagnosis of a torn tendon in the left shoulder does not necessarily translate to work-related limitations. Id. at 4-5.

At step two, the ALJ found that Plaintiff has the severe impairment of "disorders of the spine." Tr. at 16. She noted that Plaintiff does "not have any left shoulder medically determinable impairment," and goes on to explain, "[a]lthough the consultative examiner [Dr. Dehgan] diagnosed a frozen left shoulder, x-ray from September of 2012 was normal. A MRI was reportedly pending, but nothing has been received." Tr. at 16 (citations omitted). After

consideration of the entire record, the ALJ found that Plaintiff "has the residual functional capacity to perform light work except with no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, and scaffolds; and no concentrated exposure to hazards (machinery, heights, etc.)." Tr. at 17. (emphasis and citations omitted). In making her RFC assessment, the ALJ "considered all [Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. at 17.

In support of his argument that the ALJ should have found the left shoulder impairment to be "severe," Plaintiff relies on the opinions of Dr. Dehgan, who examined Plaintiff in January 2013. Pl.'s Mem. at 6-8; see Tr. at 497-510 (records of Dr. Dehgan). Dr. Dehgan saw Plaintiff January 8, 2013, at the request of the office of Social Security Administration, for a disability evaluation. Tr. at 497. On that date, Dr. Dehgan noted complaints of "[l]ow back pain" and "[l]eft shoulder pain." Tr. at 497. Based upon the history provided by Plaintiff, Dr. Dehgan documented that Plaintiff "has pain in left shoulder with limitation of motion. Left shoulder pain occurred when he was sitting over the edge of the bed and trying to work out." Tr. at 497. Upon examination of Plaintiff's shoulders, Dr. Dehgan noted the following:

> There is no redness, swelling or deformity. Range of motion of right shoulder, flexion 170 degrees, extension 50 degrees, abduction 170 degrees, adduction 40 degrees, internal rotation 80 degrees, and external rotation 90 degrees. left shoulder flexion 90 degrees adduction, 80 degrees internal rotation 40 degrees, and external rotation 50 degrees. He complain[s] of pain with range of motion of left shoulder.

Tr. at 498. Dr. Dehgan's impressions included "chronic pain," "degenerative disc disease, lower lumbar," "frozen left shoulder," and "myofascial pain." Tr. at 499 (some capitalization and punctuation omitted). On that same date, Dr. Dehgan completed a Medical Source

Statement of Ability to Do Work-Related Activities (Physical) form. See Tr. at 505-511. Pertinent to Plaintiff's arguments, Dr. Dehgan checked the box that Plaintiff can reach overhead and in all other directions with his left hand "occasionally"[3] and can push/pull with his left hand "occasionally." Tr. at 507.

An examining physician's opinion, such as Dr. Dehgan (as compared to a treating physician), is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits

---

[3] "Occasionally" is defined in the form as "up to 1/3". Tr. at 507.

-7-

of the claim is rational and supported by substantial evidence." <u>Winschel</u>, 631 F.3d at 1179

(quoting <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981)).

In her Decision, the ALJ specifically discussed Dr. Dehgan's opinion and the weight she afforded it:

> Dr. Dehgan completed a Medical Source Statement of Ability to do Work-Related Activities.  He opined that [Plaintiff] could lift/carry 20 pounds occasionally and 10 pounds frequently, sit 8 hours (90 minutes at one time), stand 8 hours (90 minutes at one time), and walk 2 hours (15 minutes at one time) in an 8-hour workday.  He opined that [Plaintiff] could frequently reach, handle, finger, and feel with the right hand; and occasionally push/pull.  He opined that [Plaintiff] could frequently handle, finger, and feel with the left hand; and occasionally reach and push/pull.  Dr. Dehgan opined that [Plaintiff] could occasionally operate foot controls.  He opined that [Plaintiff] could occasionally climb, balance, stoop, kneel, crouch, and crawl.  Dr. Dehgan opined that [Plaintiff] could have frequent exposure to moving mechanical parts, operating a motor vehicle, humidity, wetness, dust odors, fumes, pulmonary irritants, and extreme heat/cold; and occasional exposure to unprotected heights and vibration.
>
> I have . . . considered the opinion of Dr. Dehgan and give it great weight.  I note that Dr. Dehgan's limitations are similar to those of the State agency physician. . . However, Dr. Dehgan's left shoulder reaching restriction is based on complaints of pain, which is not corroborated by objective medical evidence.

Tr. at 21 (citations omitted).[4]  Plaintiff's argument that the ALJ should have included the left shoulder limitation assessed by Dr. Dehgan is unpersuasive as it is apparent that the ALJ considered the opinion in light of the entire medical record.  She appropriately identified the weight given the opinion and articulated her reasons for not fully crediting Dr. Dehgan's limitation regarding the left shoulder.  Thus, her decision to omit the left shoulder impairment

---

[4] The ALJ also gave great weight to the opinion of Fady El-Bahri, M.D., who saw Plaintiff on June 23, 2011, and opined that Plaintiff is unable to return to his prior work as a long haul truck driver. Tr. at 21. According to the ALJ, Dr. Bahri's opinion "is supported by objective medical findings and it is consistent with the evidence of record when considered in its entirety." Tr. at 21; <u>see</u> Tr. at 283-84, 444-45 (records of Dr. Bahri). As noted by Plaintiff, Dr. Bahri does not address or evaluate any left shoulder impairment. <u>See</u> Pl.'s Mem. at 6.

-8-

from her step two finding and from her RFC assessment is supported by substantial evidence in the medical record and is due to be affirmed.

Moreover, Defendant is correct that the ALJ's finding in favor of Plaintiff at step two by concluding he had a severe impairment of a spine disorder, renders harmless any potential error in not finding the shoulder impairment to be "severe." In this Circuit, "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error [is] harmless because the ALJ concluded that [the plaintiff] had a severe impairment[] and that finding is all that step two requires." Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1991)).

Plaintiff's argument that the ALJ erred in failing to comment on the medical records of Dr. Elliott is equally unpersuasive. See generally Pl.'s Mem. at 7-8. Plaintiff complains that "the ALJ never mentions Dr. Elliott's report in the [D]ecision or more importantly the MRI interpretation from Dr. Elliott." Id. at 8; see Tr. 512-13 (records of Dr. Elliott). As a preliminary matter, the records of Dr. Elliott are not identified in the "List of Exhibits" to the Decision and thus it appears that they were not before the ALJ when rendering her Decision. Tr. at 25-28. Consequently, there could be no error in the ALJ's failure to mention the records of Dr. Elliott.

Dr. Elliott's records are identified in the AC Exhibits List as having been submitted for the AC's review. Tr. at 4. Even if the records were not before the ALJ, however, this Court should still consider them. As pointed out by Defendant, when a plaintiff submits additional evidence to the AC, the reviewing court must evaluate the record as a whole, including the evidence submitted to the AC, to determine whether substantial evidence supports the ALJ's

decision. Def.'s Mem. At 4 (citing Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1257, 1261-62, 1266-67 (11th Cir. 2007)).

The two-page record of Dr. Elliott reveals Dr. Elliott saw Plaintiff on November 1, 2012, for chief complaint of left shoulder pain and assessment of "[l]eft shoulder full thickness RTC (supraspinatus) tear without retraction." Tr. at 512-13. Dr. Elliott discussed diagnosis and treatment, including surgery, with Plaintiff, who "wishe[d] to proceed with surgery." Tr. at 512. Dr. Elliott noted that the date of onset of the injury was two months prior to this visit and that the injury occurred in Plaintiff's home while he was exercising. Tr. at 512. Dr. Elliott performed a physical exam of the shoulder which showed:

> Tenderness to palpation at anterior-lateral shoulder. Motor and sensation intact throughout median, radial, ulnar, axillary distributions. Muscle strength in forward flexion grade 5, supraspinatus grade 5-, internal rotation grade 5, external rotation grade 4+. Range of motion is forward flexion 150, abduction 150, internal rotation T12, external rotation 40. No cervical, supraclavicular, axillary lymphadenopathy noted. Speed's test negative[.] Drop arm test negative. Impingement positive. Crossarm positive. Modified O'brien's negative.

Tr. at 513. Dr. Elliott noted the MRI of left shoulder revealed "full thickness tear involving anterior supraspinatus tendon." Tr. at 513. The MRI report is not contained in the administrative transcript.

Dr. Elliott's records do not reflect any work-related limitations associated with the diagnosis. In fact, he recommends surgery to repair it. And even at the administrative hearing, Plaintiff's representative noted that Plaintiff was planning "to hav[e] his shoulder fixed . . . so [the MRI] is kind of a moot point." Tr. at 61. Simply having a problem or impairment, such as the problem Plaintiff has in his left shoulder, does not automatically translate into work-related functions that an ALJ must include in an RFC. See Moore, 405 F.3d at 1213 n.6 (stating that "the mere existence of [some] impairments does not reveal the

-10-

extent to which they limit [a plaintiff's] ability to work"); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) (recognizing that the severity of an impairment "must be measured in terms of its effect upon [a claimant's] ability to work").  Additionally, a mere diagnosis is insufficient to establish that an impairment is severe. See Sellers v. Barnhart, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002) (citing McCruter, 791 F.2d at 1547). A plaintiff has the burden to provide substantial evidence establishing that an impairment has more than a minimal effect on his ability to perform basic work activities. See Bridges v. Bowen, 815 F.2d 622, 625–26 (11th Cir.1987).  While this Court is obligated to consider evidence submitted to the Appeals Council, see Ingram, 496 F.3d 1266-67, the Eleventh Circuit has held that a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." Dyer, 395 F.3d at 1210 (quoting Phillips, 357 F.3d at 1240 n. 8).  Thus, even assuming Dr. Elliott's records support Plaintiff's argument, when the ALJ's Decision is supported by substantial evidence as it is here, the Decision is due to be affirmed.  See  Phillips, 357 F.3d at 1240 n. 8 ("If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it.")

B.   **Hypothetical to the VE (issue two)**

In his second argument, Plaintiff urges remand to include the left shoulder limitations in the hypothetical to the VE.  Pl.'s Mem. at 8-10.  Plaintiff claims the ALJ erred first in not including the reaching restrictions in the hypothetical, and second in assuming, without the benefit of VE testimony, that limitations of the non-dominant extremity would not likely erode the occupational base. See id. Defendant responds that the ALJ properly discounted Dr.

-11-

Dehgan's opinion and thus the ALJ was not obligated to include findings in her hypothetical that were not supported in the record. Def.'s Mem. at 6-8.

"[F]or a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Winschel, 631 F.3d at 1180 (citation omitted). An ALJ is not required to include findings in a hypothetical question to the VE that the ALJ has found to be unsupported. See Crawford, 363 F.3d at 1161. Here, the ALJ appropriately declined to include a left shoulder limitation in her assessment of Plaintiff's RFC and the corresponding hypothetical question to the VE. As discussed above, the record supports this decision. For example, the September 2012 x-ray of the left shoulder was normal. See Tr. at 468. Additionally, the ALJ found that Plaintiff "described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. at 22. Specifically, the ALJ noted that Plaintiff reported

> being able to vacuum for 20 minutes, washing dishes, attending Sunday school three times a month, using the computer, picking up small items from the store, playing with children, shopping for shrubs at Home Depot (loaded and unloaded from vehicle), traveling to the west coast of Florida and back, doing volunteer work, landscaping his yard, driving to Tallahassee and back twice, traveling to Miami (5 hours), attending cookouts, pushing a car, and lifting weights.

Tr. at 22. The ALJ further noted that Plaintiff's treatment has been routine, but included a gap in the history of treatment between August 2011 and July 2012. Tr. at 22. The ALJ also noted Plaintiff "did well on low dose [of] Hydrocodone with no side effects, which he took only sparingly and improved his pain and function." Tr. at 20. The ALJ additionally relied on the opinion of the State agency physician that Plaintiff could perform a restricted range of light work. Tr. at 21; see Tr. at 80-85. Accordingly, when the hypothetical to the VE is consistent

with the ultimate RFC that is adopted by the ALJ and supported by the record, the VE's testimony constitutes substantial evidence. See Wilson, 284 F.3d at 1227 (citations omitted).

Without any further development of the argument, Plaintiff next claims error in "[t]he ALJ's statement that even if the reaching restriction was present it would not erode the occupational base is a question for the VE, not the ALJ." Pl.'s Mem. at 9. Plaintiff cites no regulation or case law to support this position, but merely attaches copies of Dictionary of Occupational Titles (DOT) references for the representative jobs identified by the VE. See Exhibit 1 to Pl.'s Mem. The Court will not consider this issue because any argument on the matter has been waived as inadequately developed. See, e.g., T.R.C. ex rel. Boyd v. Comm'r, 553 F. App'x 914, 919 (11th Cir. 2014) (citing N.L.R.B. v. McClain of Ga., Inc., 138 F.3d 1418, 1422 (11th Cir. 1998) ("[i]ssues raised in . . perfunctory manner, without supporting arguments and citation to authorities, are generally deemed . . . waived")).[5]

For the foregoing reasons, the undersigned finds no error in the ALJ's hypothetical to the VE.

## V. Conclusion

After due consideration, it is

**ORDERED**:

---

[5] The Scheduling Order entered in the case (Doc. No. 14) required Plaintiff to "identify with particularity the grounds upon which the administrative decision is being challenged" and directed that "challenges must be supported by citation to the record of the pertinent facts and by citations of the governing legal standards." It also warned that "[a]ny contention for which these requirements are not met is subject to being disregarded for insufficient development." The Court need not "consider an issue raised only in passing or in a way that eschews legal argument or authority." Buttram v. Soc. Sec. Admin., Comm'r, 594 F. App'x 569, 572 (11th Cir. 2014) (unpublished) (citing Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (stating "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority")).

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on February 9, 2016.

*JAMES R. KLINDT*
United States Magistrate Judge

jde
Copies to:
Counsel of record